UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-24572-CIV-MARTINEZ-OTAZO-REYES

CHANCE DAWKINS,
    Petitioner,

vs.

MARK INCH, Secretary, Florida Department of Corrections,
    Respondent.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Otazo-Reyes, recommending that Petitioner's § 2254 habeas corpus petition be denied. [ECF No. 25]. Section 636(b)(1) of the Federal Magistrate Act requires a *de novo* review of those parts of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

Having conducted a *de novo* review of the entire record, including the issues presented in Petitioner's Objections, [ECF No. 26], Magistrate Judge Otazo-Reyes's R&R is affirmed and adopted. The state court's disposition of Petitioner's claims was neither contrary to nor an unreasonable application of clearly established federal law; nor was its decision based on an unreasonable determination of the facts in light of the evidence.

I.    **§ 2254 Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") circumscribed a federal court's role in reviewing state prisoner applications "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

In reviewing the decisions of the state court, the Court is governed by the terms of the AEDPA, which provide that the Court may grant a § 2254 writ of habeas corpus only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

The phrase "clearly established Federal law," as used in § 2254(d)(1), "***encompasses only the holdings of the Supreme Court of the United States***." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005) (emphasis added). A state court decision is contrary to clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis added). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies this rule to the facts of the petitioner's case." *Id*. (emphasis added).

Differing slightly from its (d)(1) counterpart, § 2254(d)(2) provides an additional basis for relief where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "A state court's determination of the facts, however, is entitled to substantial deference." *Maharaj*, 432 F.3d at 1309; *see* 28 U.S.C. § 2254(e)(1) (noting that "a determination of a factual issue made by a State court shall be presumed to be correct" and the habeas "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Indeed, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). In sum, "AEDPA erects a formidable barrier to federal habeas relief or prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 1 (2013).

**II.     Petitioner's Objections**

Petitioner's first claim for habeas relief is based on the alleged ineffective assistance of his trial counsel where counsel failed to argue for a new trial based on the jury's inconsistent verdict. [ECF No. 1 at 5–7]. Petitioner overlooks, however, that federal habeas relief under the AEDPA is only warranted where there is a clear violation of federal constitutional law, as determined only by the Supreme Court of the United States, rather than state law. *See Maharaj*, 432 F.3d at 1308. As such, Petitioner's reliance on *Brown v. State* is misplaced. *See* 959 So. 2d 218, 220 (Fla. 2007).

To be sure, an ineffective assistance of counsel claim constitutes a claim of federal constitutional error pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Nonetheless, Petitioner's *Strickland* claim is premised on the contention that the jury verdict was indeed a "true inconsistent verdict" in violation of the Florida Supreme Court's mandate in *Brown*. Such a determination is purely a question of Florida law. *See Brown*, 959 So. 2d at 220 ("An inconsistent verdicts claim presents a pure question of law and is reviewed de novo."). The Supreme Court has made clear—even pre-AEDPA—that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Because "it is not in the province of a federal habeas court to re-examine state court determinations on state-law questions," the Court here cannot reexamine whether or not the verdict constitutes a truly inconsistent one. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). In denying relief and noting that inconsistent verdicts are

generally permitted in Florida, the state court found that Petitioner's verdict was not truly inconsistent. The Court must defer to that determination. And, in light of that determination, the Court does not find that the state court's denial of Petitioner's ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established federal law. Nor was it based on an unreasonable application of the facts as required to warrant habeas relief.

Indeed, even were the Court to reexamine the state court's determination that the verdict was not truly inconsistent, the Court finds that specific determination reasonable as well. Petitioner was convicted of second-degree murder pursuant to Florida Statute 782.04(2). The conviction required the State to prove that Petitioner committed "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design…." Fla. Stat. § 782.04(2). Petitioner claims that when the jury convicted him of second-degree murder, yet did not apply the enhancement for discharging a firearm causing great bodily harm and/or death, the jury "acquitted" him of an essential element of second-degree murder. This is so, he claims, because the only act that the jury could have convicted him on was the discharge of a firearm causing death. The state post-conviction court, however, determined that any speculation regarding why the jury decided not to apply the enhancement was just that—speculation. For example, the state court noted, the jury could have simply wished not to apply the sentencing enhancement. Such example falls in line with other Florida caselaw on similar matters. *See Jerry v. State*, 225 So. 3d 246 (Fla. 4th DCA 2017).

In *Jerry*, Florida's Fourth District Court of Appeals held that possession of a firearm was not an element of first-degree murder, and therefore, the jury's conviction was not truly inconsistent with its refusal to apply the sentencing enhancement for possession of a firearm. *Id.*

at 249–50. Indeed, the court found that the "jury did not acquit Appellant of anything" by not applying the enhancement; therefore, the true inconsistent verdict exception did not apply. *Id*. This case differs slightly, however. In *Jerry*, the appellant was not the alleged shooter but rather the getaway driver. Nonetheless, the case stands for the proposition that a jury's findings (or lack of findings) on issues of sentencing enhancements do not negate elements of the crime as required to constitute a true inconsistent verdict. Accordingly, it cannot be said that the state post-conviction court's determination was "objectively unreasonable." As such, the determination cannot be disturbed by federal review.

As to Petitioner's second claim for relief, his argument was squarely rejected by the Supreme Court in *Davila v. Davis*, 137 S. Ct. 2058 (2017). The Court will not, and cannot, revisit a decision of the United States Supreme Court.

### III.   Certificate of Appealability

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and it must indicate the issue on which the petitioner made such a showing. 28 U.S.C. § 2253(c)(2), (3). Where the district court has denied a motion to vacate in whole or in part on procedural grounds, a movant must show that reasonable jurists could debate: (1) whether the motion states a valid claim for the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A Certificate of Appealability "must specify what constitutional issue jurists of reason would find debatable. Even when a prisoner seeks to appeal a procedural error, the certificate must specify the underlying constitutional issue." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*).

Here, the R&R made no recommendation regarding the issuance of a Certificate of Appealability. As such, Petitioner made no objections. Nonetheless, the Court finds that reasonable jurists could not debate that Petitioner's ineffective assistance claim based on an inconsistent verdict in not within this Court's purview as explained above. And, even if it were, reasonable jurists would not debate that the state court's determination was not objectively unreasonable. Accordingly, a Certificate of Appealability is denied.

### IV.  Conclusion

In sum, Petitioner's claims are insufficient to overcome the bulwark erected by the AEDPA, and the Petition must be denied. Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 25], is **AFFIRMED and ADOPTED**.

2. Petitioner's Petition for Habeas Corpus, [ECF No. 1], is **DENIED**. As set forth above, a Certificate of Appealability is **DENIED**.

3. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of January 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record